786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT THOMAS KENNEDY, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-1255
 United States Court of Appeals, Sixth Circuit.
 2/13/86
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KENNEDY and GUY, Circuit Judges; and TAYLOR, District Court Judge.*
 
 
 3
 Kennedy moves for counsel on appeal from the district court's judgment denying his motion to vacate. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Kennedy pled guilty to one count of travel in interstate commerce to commit a crime of violence and one count of conspiracy to distribute heroin and cocaine. He received a fifteen year sentence. His motion to vacate raised various arguments concerning the taking of his guilty plea and his sentence. In his informal brief before this Court, Kennedy raises only an issue concerning his indictment and an issue concerning his sentencing.
 
 
 5
 Kennedy argues that the indictment was not proper because it charged him with travel in interstate commerce to commit murder rather than to commit a crime of violence. An examination of the transcript of the guilty plea hearing shows that there was no notice problem regarding this language in the indictment and that there was no prejudice to Kennedy. So the issue is without merit.
 
 
 6
 Kennedy also argues that a plea agreement he entered into prior to his formal guilty plea requires that he receive a ten year sentence. If this agreement was breached, Kennedy would be entitled to a remedy. Santobello v. New York, 404 U.S. 257, 262 (1971). However, there was no breach of the agreement. The agreement called for ten years actual time in prison. Kennedy's sentence was for fifteen years with the possibility of parole after five years. 18 U.S.C. Sec. 4205(a). Moreover, 18 U.S.C. Sec. 4161 provides for 'good time' which would reduce a sentence of 15 years to 10 years actual time. Additional good time credits are available under 18 U.S.C. Sec. 4162.
 
 
 7
 In any event, the plea in this case was taken pursuant to Rule 11(e)(1)(c), Federal Rules of Criminal Procedure. The district court accepted the specific recommendation of 15 years put forward by defense counsel and the government attorney. This sentence therefore supercedes any agreement made relative to sentencing some months earlier. Kennedy's arguments are without merit.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Anna Diggs Taylor, District Judge for the Eastern District of Michigan, sitting by designation